**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

GINA M. **FRAGA**;

      Plaintiff,

  v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES** ("USCIS");

      Defendant.

_____/

CASE NO.

JUDGE:

MAGISTRATE JUDGE

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

**COMES NOW** the Plaintiff, Gina M. Fraga, by and through undersigned counsel, and files the instant Complaint for Declaratory and Injunctive Relief and alleges as follows:

**INTRODUCTION**

1. This action is a Freedom of Information Act ("FOIA") case seeking relief from the Defendant U.S. Citizenship and Immigration Services' failure to make a determination on a FOIA request appeal and failure to disclose the documents that are the subject of the request.

2. The requester, Gina M. Fraga, is an attorney that practices immigration law before the Department of Homeland Security ("DHS").

3.     Attorney Fraga requested copies of documents on behalf of her client, Amanda de Paula Giove Cecconi, that Defendant USCIS maintains in her client's immigration case file to assist her client regarding immigration matters. *See* Exh. 1 (copy of letter dated January 07, 2026, from the Acting Chief FOIA Officer for the USCIS FOIA & Privacy Act Unit acknowledging FOIA request dated January 5, 2026); Exh. 2 (copy of letter dated January 09, 2026, noting that USCIS completed review of the request and identified 102 pages responsive to the request, releasing seven in their entirety and 31 in part and withholding 64 in full); Exh. 3 (copy of Appeal submitted February 23, 2026, appealing FOIA response and requesting copies of a T-Visa Application (Form I-914) and Application to Extend/Change Nonimmigrant Status (Form I-539) Application and Approval).

4.     To date, Defendant USCIS has not responded to Attorney Fraga's FOIA Appeal.

5.     Accordingly, Attorney Fraga now files the instant action for injunctive and other appropriate relief under the FOIA, 5 U.S.C. § 552. *See* 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act).

## **JURISDICTION AND VENUE**

6.     This Court has jurisdiction in the instant matter pursuant to 5 U.S.C. § 552 (FOIA) and 28 U.S.C. § 1331 (federal question).

7.      Venue is proper in this District as U.S. government agency Defendants reside in this District, the cause of action arose in part within this District, the Plaintiff's principal place of business is in this District, and no real property is at issue. 5 U.S.C. § 552(a)(4)(B).

8.      Attorney Fraga has standing in the instant matter as she has made the FOIA request on behalf of her client, Amanda de Paula Giove Cecconi. *See Smith v. U.S. Immigration and Customs Enforcement*, 249 F. Supp. 3d 1203, 1205 (D. Colo. 2017) (immigration attorney submitting FOIA request on behalf of client to USCIS for A-file and travel records); *Gahagan v. U.S. Citizenship and Immigration Services*, 111 F. Supp. 3d 754, 756 (E.D. La. 2015) (immigration attorney requesting copy of I-485 Form for client to prepare to adequately defend his client in removal proceedings); *Martins v. United States Citizenship and Immigration Services*, 962 F. Supp. 2d 1106, 1109-10 (N.D. Cal. 2013) (immigration attorney requesting copies of asylum notes on behalf of his clients who seek to renew asylum applications in removal proceedings).

## PARTIES

9.      Plaintiff Gina M. Fraga is an attorney that practices immigration law before *inter alia* the Defendant USCIS. Her office, Acosta & Fraga Law PLLC, is located in Lake Worth, Florida. She is a member in good standing of The Florida Bar (Bar No. 41016). Amanda de Paula Giove Cecconi has retained Attorney Fraga

3

to assist her in ascertaining her current immigration status so that Attorney Fraga can determine what benefits and relief Amanda de Paula Giove Cecconi may be eligible to obtain before USCIS and/or the Department of Justice Executive Office for Immigration Review ("EOIR") Immigration Court.

10.     Attorney Fraga brings a suit against Defendant USCIS as it is the agency within the DHS responsible for maintaining Amanda de Paula Giove Cecconi's immigration case file, known by Defendant as an Alien File or A-File. USCIS is a component agency of the DHS, and it is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records that Attorney Fraga seeks.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.     Attorney Fraga has exhausted her administrative remedies by appealing Defendant USCIS's adverse determination. *See* Exh. 3; *see also* 5 U.S.C. § 552(a)(6)(A)(ii) (providing for appeal); *Rosenberg v. U.S. Dep't of Immigr. and Customs Enf't*, 956 F. Supp. 2d 32, 38 (D.D.C. 2013) (requiring administrative appeal prior to seeking relief in district court).

12.     As explained *infra*, the Defendant USCIS has failed to adjudicate the administrative appeal within the FOIA's statutory time periods and Attorney Fraga has no other adequate remedy available for the harm she seeks to address. *See* 5 U.S.C. §§ 552(a)(6)(A)(ii) and (a)(6)(B)(i) (statutory response periods).

**LEGAL BACKGROUND**

13.     The FOIA requires an agency to determine whether to comply with a records request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

14.     An agency may extend the response period under certain circumstances for an additional 10 business days. 5 U.S.C. § 552(a)(6)(B)(i).

15.     The FOIA requires an agency to issue a determination letter in response to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i).

16.     The agency usually includes responsive records with the determination letter. *See* 5 U.S.C. § 552(a)(3)(A) (requiring that an agency must make records "promptly available" after a requester submits a proper request).

17.     When an agency issues an adverse determination and properly notifies the requester, the requester must file an administrative appeal to exhaust remedies. *See* 5 U.S.C. § 552(a)(6)(A)(ii); *Rosenberg*, 956 F. Supp. 2d at 38; *see also Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 63 (D.C. Cir. 1990) (requiring administrative appeal even if the agency makes a FOIA determination after statutory time period expiration).

18.     The FOIA requires an agency to make a determination with respect to any appeal within 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii).

19.     An agency may also extend the response period for an appeal under certain circumstances for an additional 10 business days. 5 U.S.C. § 552(a)(6)(B)(i).

20.    "[N]oncompliance" with the FOIA's deadlines "has real life consequences." *Nightingale v. U.S. Citizenship and Immigration Services*, 507 F. Supp. 3d 1193, 1196 (N.D. Cal. 2020), *appeal dismissed*, No. 21-15288, 2021 WL 3674646 (9th Cir. Jul. 30, 2021).

21.    Defendant USCIS "serve[s] as custodians of A-files, prosecutors in removal proceedings, and adjudicators of applications for immigration benefits." *Id*.

22.    Defendant USCIS's "delay in processing A-File FOIA requests deprives plaintiffs of the information they need to defend against removal, to obtain benefits, and to gain citizenship." *Id*.

23.    "It undermines the fairness of immigration proceedings, particularly for the vast number of noncitizens who navigate our immigration system without assistance of counsel." *Id*.

## STATEMENT OF THE FACTS

24.    On or about January 05, 2026, Attorney Fraga made a request under the FOIA for a copy of the A-file for her client, Amanda de Paula Giove Cecconi. *See* Exh. 1 (USCIS letter dated January 07, 2026, regarding FOIA Request No. NRC2026005385).

25.    On or about January 09, 2026, Defendant USCIS provided Attorney Fraga with a letter noting that USCIS completed review of the request and identified 102 pages responsive to the request, releasing seven in their entirety and 31 in part

6

and withholding 64 in full. Defendant USCIS also provided Attorney Fraga with the 102-page response. *See* Exh. 2 (USCIS letter dated January 09, 2026).

26. On or about February 23, 2026, Attorney Fraga filed an administrative appeal with Defendant USCIS that requested copies of a T-Visa Application (Form I-914) and Application to Extend/Change Nonimmigrant Status (Form I-539) Application and Approval. *See* Exh. 3 (copy of Appeal No. APP2026007193REQ and Status, showing an estimated completion date of January 21, 2027).

27. Attorney Fraga has indicated that Defendant USCIS has yet to adjudicate the administrative appeal, which has been pending for over four months.

### CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF THE FOIA FOR FAILURE TO RESPOND WITHIN TIME REQUIRED

28. Plaintiff repeats and re-alleges paragraphs 1 through 27 as though fully set forth herein.

29. The FOIA required Defendant USCIS to respond to Attorney Fraga's FOIA appeal within 30 business days pursuant to 5 U.S.C. §§ 552(a)(6)(A)(ii) and (a)(6)(B)(i).

30. Defendant USCIS's failure to adjudicate the appeal and communicate its determination to Attorney Fraga violates the FOIA. *See* Exh. 3; 5 U.S.C. §§ 552(a)(6)(A)(ii) and (a)(6)(B)(i).

## COUNT II

### VIOLATION OF THE FOIA FOR FAILURE TO CONDUCT AN ADEQUATE SEARCH

31.     The Plaintiff repeats and re-alleges paragraphs 1 through 27 as though fully set forth herein.

32.     Defendant USCIS has violated the FOIA's obligation to make a reasonable effort to search for records responsive to Attorney Fraga's request. *See* 5 U.S.C. § 552(a)(3)(C).

## COUNT III

### VIOLATION OF THE FOIA FOR WRONGFUL WITHHOLDING OF RECORDS

33.     The Plaintiff repeats and re-alleges paragraphs 1 through 27 as though fully set forth herein.

34.     Defendant USCIS is violating the FOIA by wrongly withholding agency records by failing to produce non-exempt records responsive to Attorney Fraga's FOIA request. *See* 5 U.S.C. § 552(a)(3)(A) (obligation to promptly produce records responsive to FOIA request).

### RELIEF REQUESTED

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

8

1. Accept jurisdiction over this action and maintain jurisdiction until Defendant USCIS complies with the FOIA and this Court's orders;

2. Enter a declaratory judgment finding that Defendant USCIS's failure to make a timely determination with regard to Attorney Fraga's FOIA appeal violates 5 U.S.C. §§ 552(a)(6)(A)(ii) and (a)(6)(B)(i);

3. Order Defendant USCIS to expeditiously conduct an adequate search for all records responsive to Attorney Fraga's FOIA request and appeal pursuant to 5 U.S.C. § 552(a)(3)(C);

4. Enter a declaratory judgment finding that Defendant USCIS's failure to promptly disclose the records pursuant to Attorney Fraga's FOIA request and appeal violates 5 U.S.C. § 552(a)(3)(A);

5. Order Defendant USCIS to expeditiously disclose all responsive, non-exempt records and enjoin Defendant USCIS from improperly withholding Amanda de Paula Giove Cecconi's records;

6. Award the Plaintiffs reasonable costs and attorney fees for bringing this action pursuant to 5 U.S.C. § 552(a)(4)(E);

7. Grant such further relief as the Plaintiff may request and/or this Honorable Court deems just and proper under the circumstances.

Respectfully submitted this 14th day of July 2026,

By: /s/ *Andrew W. Clopman*
    Andrew W. Clopman, Esq.
    Florida Bar No. 0087753
    aclopman@clopmanlaw.com

    Counsel for Plaintiff
    Andrew W. Clopman, P.A.
    P.O. Box 86
    Fort Covington, NY 12937
    Telephone:  (772) 210-4337